# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

GILBERT FLOREZ,

    Plaintiff,

vs.                                                                                                      No. CIV 18-149 JB/GBW

BETTY JUDD, S. WOODWARD, MR.
HAMILTON, and ALL SECURITY &
MEDICAL STAFF,

    Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court on the Prisoner's Civil Rights Complaint, filed February 14, 2018 (Doc. 1)("Complaint). Plaintiff Gilbert Florez is incarcerated, pro se, and proceeding in forma pauperis. Because Florez did not comply with three prior orders directing him to pay a portion of his filing fee, the Court will dismiss the case without prejudice.

## PROCEDURAL BACKGROUND

Florez filed his Complaint on February 14, 2018. He alleges that prison staff were deliberately indifferent to his medical needs in violation of the Eighth Amendment to the Constitution of the United States of America, and he asserts a claim under 42 U.S.C. § 1983. See Complaint at 2-4. On February 20, 2018, the Court referred the matter to the Honorable Gregory B. Wormuth, United States Magistrate Judge for the United States District Court for the District of New Mexico, for recommended findings and disposition, and to enter non-dispositive orders. See Order of Reference Relating to Prisoner Cases at 1, filed February 20, 2018 (Doc. 3).

Magistrate Judge Wormuth granted Florez leave to proceed in forma pauperis on February 23, 2018. See Order Granting Leave to Proceed *In Forma Pauperis* at 1, filed February 23, 2018 (Doc. 4)("Order"). The Order set a deadline of March 26, 2018 for Florez to make an

initial partial payment of $13.85 -- pursuant to 28 U.S.C. § 1915A -- or show cause for his failure to comply. See Order at 2. Florez did not make the payment, and instead submitted a letter indicating CoreCivic -- a company that manages private prisons -- terminated him from his prison job, which reduced his income. See Letter from Gilbert Florez to the Clerk of the Court at 1 (undated), filed March 6, 2018 (Doc. 6). Florez also filed a motion asking for an order compelling CoreCivic to move him to a bottom bunk. See Order to Compel at 1, filed March 9, 2016 (Doc. 7).

By an Order entered April 9, 2018, Magistrate Judge Wormuth extended the payment deadline to May 9, 2018. See Order to Show Cause at 1, filed April 9, 2018 (Doc. 8). Florez again did not make the payment and submitted a letter requesting an extension until May 20, 2018. See Letter from Gilbert Florez to the Clerk of the Court at 1 (undated), filed April 27, 2018 (Doc. 9). On April 30, 2018, Magistrate Judge Wormuth granted that request and extended the payment deadline until May 20, 2018. See Order Extending Payment Deadline at 1, filed April 30, 2018 (Doc. 10). Florez again did not comply. On May 21, 2018, Florez submitted an unaccompanied copy of an "Inmate Purchase Order" for $13.85, but as of the date of this filing, he has not paid the $13.85 filing fee. Inmate Purchase Order at 1, filed May 21, 2018 (Doc. 11).

## ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or comply with these rules or a court order." Fed. R. Civ. P. 41(b). See AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc., 552 F.3d 1233, 1236 (10th Cir. 2009)("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case or for failing to comply with local or federal procedural rules." (citations omitted)). As the United States Court of Appeals for the Tenth Circuit

explained, "the need to prosecute one's claim (or face dismissal) is a fundamental precept of modern litigation."  Rogers v. Andrus Transp. Servs., 502 F.3d 1147, 1152 (10th Cir. 2007). "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders."  Olsen v. Mapes, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003).

In light of Florez' failure to comply with three prior court orders, and because he still has not sufficiently explained his refusal to make the initial partial payment, the Court will dismiss this case without prejudice pursuant to rule 41(b).  See Olsen v. Mapes, 333 F.3d at 1204.  The Court will also deny Florez' Order to Compel as moot.

**IT IS ORDERED** that: (i) the Order to Compel, filed March 9, 2016 (Doc. 7), is denied as moot; (ii) the Prisoner's Civil Rights Complaint, filed February 14, 2018 (Doc. 1), is dismissed without prejudice; and (iii) the Court will enter Final Judgment.

_____
UNITED STATES DISTRICT JUDGE

*Parties*:

Gilbert Florez
Northwest New Mexico Correctional Center
Grants, New Mexico

    *Plaintiff pro se*